**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 13 C 8799 |
| CARLOS MENDEZ, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On September 11, 2012, pursuant to a written plea agreement, Carlos Mendez pled guilty to one charge possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). After finding that Mendez had transferred two or more firearms with reason to believe that his conduct would result in another unlawful transfer of the firearms, the Court imposed a "trafficking" enhancement in calculating Mendez's Sentencing Guidelines offense level. On December 13, 2012, the Court sentenced Mendez to 84 months (seven years) in prison.

On December 9, 2013, Mendez filed a bare-bones *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On that day, Mendez also requested equitable tolling of the one-year statute of limitations period for filing a section 2255 motion. The Court took the motion for equitable tolling under advisement and gave Mendez an opportunity to supplement his section 2255 motion, which he did on February 12, 2014.

Mendez contends that his Sentencing Guidelines offense level was miscalculated

because the Court used the 2012 Sentencing Guidelines manual to determine it rather than the 2011 manual. Mendez argues that the miscalculation resulted in a significantly greater prison sentence than he would have received otherwise. He further contends that his attorney rendered ineffective assistance of counsel by failing to correct the Sentencing Guidelines error at sentencing and refusing to appeal the sentence on the basis of this error. In opposition, the government argues that any use of the 2012 Sentencing Guidelines manual to determine Mendez's offense level did not cause a miscalculation, and thus he suffered no prejudice. For the reasons discussed below, the Court denies Mendez's section 2255 motion.

## Discussion

On May 30, 2007, Mendez was convicted in state court of aggravated battery, a crime punishable by a term of imprisonment exceeding one year. On July 26, 2011, Mendez possessed a firearm that had traveled in interstate commerce and sold the firearm to a person who was, unbeknownst to Mendez, cooperating with the Federal Bureau of Investigation (FBI). Mendez believed that the man was brokering the sale for another party, who was actually an undercover FBI agent. On August 4, 2011, Mendez possessed another firearm that had traveled in interstate commerce and sold it to the same person, believing that he intended to resell the firearm to the same third party.

On December 1, 2011, a grand jury indicted Mendez on two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Count 1 charged Mendez with

> [o]n or about July 26, 2011. . . having previously been convicted of a crime punishable by a term of imprisonment exceeding one year . . . knowingly possess[ing] in and affecting interstate commerce a firearm, namely, a

2

> loaded Hi Point 9 millimeter calibre firearem [sic] . . . in that the firearm had traveled in interstate commerce prior to defendant's possession of the firearm . . . .

Indictment at 1. Count 2 charged Mendez with

> on or about August 4, 2011 . . . having previously been convicted of a crime punishable by a term of imprisonment exceeding one year . . . knowingly possess[ing] in and affecting interstate commerce a firearm, namely, Taurus .357 caliber handgun . . . in that the firearm had traveled in interstate commerce prior to defendant's possession of the firearm . . . .

*Id.* at 2. Mendez was arrested on December 14, 2011.

On September 11, 2012, Mendez pled guilty to count one of the indictment and the government dropped count two pursuant to a written plea agreement. Mendez acknowledged the facts associated with count two as "relevant conduct under Guideline § 1B1.3" "for the purpose of computing his sentence under the Sentencing Guidelines." Plea Agr. ¶ 7.

The plea agreement stated that "[t]he Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing." *Id.* ¶ 10(a). The 2012 Sentencing Guidelines became effective on November 1, 2012, and the Court sentenced Mendez on December 13, 2012. As a result, the 2012 Sentencing Guidelines were in effect at the time of Mendez's sentencing. For this reason, this provision of the plea agreement contemplated that the Court would use that version of the Guidelines.

The plea agreement also stipulated, however, that its provisions "regarding the calculation of [Mendez's] Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2011 Guidelines Manual." *Id.* One of these statements was that "[t]he offense level is increased by four levels pursuant to Guideline

3

§ 2K2.1(b)(5) because the defendant engaged in the trafficking of firearms." *Id.* ¶ 10(b)(ii). Section 2K2.1(b)(5), in the 2011 manual, stated that "[i]f the defendant engaged in the trafficking of firearms, increase by 4 levels." U.S.S.G. Manual § 2K2.1(b)(5) (2011). Application Note 13 to Guideline § 2K1.1, which concerns the "Application of Subsection (b)(5)," stated that the subsection applies if the defendant:

> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual . . . and
>
> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—
>
>> (I) whose possession or receipt of the firearm would be unlawful; or
>>
>> (II) who intended to use or dispose of the firearm unlawfully.

*Id.* cmt. n. 13. As stated earlier, Mendez acknowledged transferring two firearms to another individual with reason to believe that the conduct would result in another unlawful transfer of the firearms. Thus the 2011 manual provided for a four-level increase in his offense level.

The Presentence Investigation Report (PSR) prepared by the Probation Office stated that "[t]he 2012 edition of the Guidelines Manual was used to determine the defendant's offense level." PSR ¶ 15. In the PSR, the Probation Office stated that the four-level trafficking enhancement should apply.

In the 2012 Sentencing Guidelines manual, Guideline § 2K2.1(b)(5) and its accompanying commentary were identical to their counterparts in the 2011 manual; there was no change. Thus in the 2012 manual, Guideline § 2K2.1(b)(5) states that "[i]f the defendant engaged in the trafficking of firearms, increase by 4 levels." U.S.S.G. Manual § 2K2.1(b)(5) (2012). And Application Note 13 continued to state, as it had in

4

the 2011 manual, that subsection 2K2.1(b)(5) applies if the defendant:

> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual . . . and
>
> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—
>
>> (I) whose possession or receipt of the firearm would be unlawful; or
>>
>> (II) who intended to use or dispose of the firearm unlawfully.

*Id.* cmt. n. 13 (2012). In short, there was no change to the operative Guideline provision or commentary between 2011 and 2012. Other provisions of Guideline § 2K2.1 were amended, *see* U.S.S.G. Manual, App'x C, Vol. III, amendment 753 (effective Nov. 1, 2011), but the provisions that governed Mendez's sentence were not.

Mendez maintains that that the use of the 2012 Sentencing Guidelines in contradiction of the terms of the plea agreement "greatly impacted the length of Mr. Mendez [sic] sentence" because the 2011 Sentencing Guidelines would not have subjected him to the four-level enhancement. Am. Mot. at 16. He argues that unlike the 2012 Sentencing Guidelines, the 2011 Sentencing Guidelines prescribe the trafficking enhancement for the transfer of three or more firearms, which he has never admitted to. *Id.* at 16-17.

He is, quite simply, wrong. The relevant application note in both the 2011 and 2012 versions of the manual states that the enhancement applies to the transfer "of two or more firearms." Thus even if the Court applied the wrong version of the Sentencing Guidelines manual, it made no difference in Mendez's case. His Guidelines offense level was calculated correctly.

To obtain relief under 28 U.S.C. § 2255, Mendez must demonstrate "an error of

5

constitutional or jurisdictional magnitude" or "a fundamental defect . . . which [has] result[ed] in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). Mendez has not shown an error, much less a fundamental error that resulted in a miscarriage of justice. Assuming an offense level calculation error is cognizable under section 2255, none occurred this case.

Mendez also claims that his attorney rendered ineffective assistance of counsel by failing to correct the purported Guidelines error at sentencing and refusing to appeal the sentence. To establish this claim, Mendez must show that his attorney's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Mendez's claim is untenable. As the Court has explained, he has failed to identify a Sentencing Guidelines error in the first place. Thus he cannot show that his attorney acted in an objectively unreasonable way or that the attorney's actions prejudiced him.

**Conclusion**

For the foregoing reasons, the Court denies Mendez's motion for relief pursuant to § 2255. Mendez's separately filed request for equitable tolling of the one-year statute of limitations period for filing a § 2255 is moot because the government has raised no issue of timeliness.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 18, 2014

6